PAMELA A. DENT, ADMINISTRATRIX OF LEVI DENT, *vs.* PRISCILLA DENT.—*June* 1846.

It is a general rule of evidence, that the acts and admissions of a party on the record, are evidence, although he be but trustee for another; but this rule is not without exceptions.

In an action against an administratrix, her admissions made before letters of administration had been granted to her, are not competent to charge her intestate's estate. They were destitute of an essential requisite, viz., interest in the subject matter to which they related, at the time they were made.

APPEAL from *Charles* county court.

This was an action of *assumpsit,* brought by the appellee against the appellant, on the 26th January 1843. The defendant pleaded *non assumpsit* by her intestate, nor by her since his death, and *actio non accrevit, &c.,* on which issues were joined.

EXCEPTION. At the trial of this cause the plaintiff proved, by *Eliza Dent,* a competent witness, that she was present, in September 1840, at plaintiff's house, and heard defendant's intestate borrow from plaintiff the sum of $701.20; which was then paid to him.

The defendant then proved by *Miss Smoot,* a competent witness, that she was present when said intestate came to

plaintiff's house, in the fall of 1840, and asked plaintiff, who was his mother, for money; that she then gave to him the sum of $700, or upwards, saying, that she "was not like some persons, who gave and took back." And afterwards told said witness, that she had presented that money to her said son. Said witness further stated, that the witness, *Eliza Dent,* was not then present.

The defendant further proved by —— *Carrico,* a competent witness, that after the death of said *Levi,* he went with plaintiff to see defendant, and that defendant in his presence, told plaintiff, that if she had any account against said *Levi,* it was false; as he did not owe a cent in the world.

The defendant then further proved by competent witnesses, that on the night when said *Levi* died, and on the next day, the plaintiff said, that he did not owe a dollar in the world.

The plaintiff then offered to prove by *Dr. Johns,* a competent witness, that after said *Levi's* death, but before defendant had administered on his estate, the defendant on a different occasion from any referred to in the previous testimony, complained, that on the night of the death of said *Levi,* and before his death, although the plaintiff had said, that said *Levi Dent* did not owe a debt in the world, yet she, the said plaintiff, said to her, that said *Levi* owed her a sum of money, but owed no one else. And that immediately after his death, plaintiff had said to defendant: "Mind, there is money in the house, and you must keep it to pay me;" or words to that effect.

The defendant objected to the admissibility of said evidence, so offered by *Dr. Johns,* on the ground, that said declarations were made by defendant before she had administered on the estate of said *Levi,* but the court, (C. DORSEY, A. J.,) admitted the same as evidence to the jury; the defendant excepted, and prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By HORSEY and CRAIN for the appellant.
No counsel for the appellee.

SPENCE, J., delivered the opinion of this court.

It is a general rule of evidence, that the acts and admissions of a party on the record, are evidence, although he be but a trustee for another.    *Mr. Starkie*, in his work on evidence, *volume* 2, *page* 22, says : "Such admissions are always evidence." We think this language lays down the rule too broadly; it, in fact, makes the rule a universal one, and without an exception.

That the admissions and declarations made by one, in relation to a subject matter in which the party making such admissions or declarations, has an interest at the time they are made, are evidence, is settled law; for it finds application in almost every trial in the county courts by a jury.

The exception in this case, states, that the declarations of the defendant, given in evidence in this cause, (to which the defendant excepted,) were made by her before letters of administration were granted to her.   They were not only destitute of the essential requisite, to wit, interest in the subject matter to which they related at the time they were made; but they were to affect the legal rights of others, namely, creditors and distributees.   It was decided in *Pocock vs. Billing*, 2 *Bing.*, 269, that the declarations of one who has been the holder of a bill of exchange, cannot be received in evidence, unless they were made while the party had the possession of the bill.

The case of *Plant vs. McEwen*, 4 *Conn. R.*, 544, entirely covers this case, and we assent to the law therein laid down. In that case, a suit was brought against an executor on his probate bond, it was held, that his declarations and acts, made and performed before he was executor, were inadmissible against him, as the judgment would affect heirs and creditors; in relation to whom the executor was a stranger.

JUDGMENT REVERSED AND PROCEDENDO ORDERED.