Robinson *v.* Hutchinson and Wife.

---

JOHN H. ROBINSON *v.* ORAMEL HUTCHINSON AND NANCY B. HUTCHINSON, HIS WIFE.

*Evidence.   Deposition.   Witness.*

In an appeal from the probate of a will, the defendants, who sought to set aside the will on the ground of the mental incapacity of the testatrix, introduced evidence of certain declarations, made some four years before the execution of the will, by the plaintiff, who was the executor named in the will as well as a legatee, and who was seeking to establish it, to the effect that she was

of unsound mind; *Held,* that such declarations were admissible in evidence on the ground that they were made against interest, and by one who was both a party of record and a party in interest.

*Held,* also, that it made no difference as to the competency of such declarations as evidence, whether the plaintiff's interest was greater to have the will established, than defeated, or not: but that such consideration might be of importance in regard to the weight and credibility of such evidence.

A deposition after the close of the deponent's examination in chief, contained these words: "the above is a copy of a deposition which I gave in July, 1849 (except the dates having been altered), when the facts were fresh in my recollection." Then followed the cross-examination of the deponent, at the close of which the deposition was duly signed, sworn to and certified: *Held,* that the deposition was admissible.

It is admissible for the purpose of impeaching the testimony of a deponent to introduce evidence of statements made by him conflicting with those contained in his deposition. And it is not necessary, in order to lay the foundation of such impeaching testimony, that the deponent should be inquired of in relation to such conflicting statements.

In an appeal from a decree of the probate court admitting a will to probate, the appellants, who contested the will, were husband and wife, the latter being one of the heirs-at-law of the testatrix, but the husband was neither an heir-at-law nor a legatee; *Held,* that the wife was a competent witness for the appellants.

APPEAL by the defendants from a decree of the probate court for the district of Chittenden, admitting to probate a certain instrument as the last will and testament of Nancy Robinson, wherein the plaintiff was named as executor.

The case was tried by jury, at the March Term, 1858,— POLAND, J., presiding.

It appeared that the will was drawn up by James F. Robinson, a son of the testatrix and a legatee in the will, and that the defendant, who was also a son of the testatrix and a legatee, was present at the execution of the will, which took place September 2d, 1847. The testatrix died April 30th, 1849. The defendant, Nancy B. Hutchinson, was a daughter of the testatrix, and she and James F. Robinson and John H. Robinson were her only heirs.

The appellants claimed that the testatrix, at the time of the execution of the will, lacked testamentary capacity, also, that her mind had become enfeebled by disease and afflictions, particularly by cat-

aleptic fits experienced about the year 1823, an attack of erysipelas in 1839 or 1840, producing a temporary delirium, and a like attack and delirium in 1843 or 1844, and the death of her daughter Elizabeth in September, 1846; and that John H. and James F. Robinson procured the testatrix to make the will in the manner in which it was made, by taking advantage of her weakness of mind, and by the exercise of an undue influence over her, and by fraud. The appellants also claimed that by the provisions of the will the estate of the testatrix was not divided equally among her children, but that it had been and was her purpose and intention to distribute her estate equally among her children, except that she proposed and intended that the appellant Nancy B. should have, in addition to her one-third, the clothing and jewelry which had belonged to the deceased daughter Elizabeth; and that but for the undue influence or fraud of John H. and James F. Robinson, the testatrix would have so made her will.

As tending to prove such claim of the appellants, in whole or part, they introduced the deposition of Abby D. Robinson.

This deposition, among other things, contained a statement of a declaration made by the appellee, John H. Robinson, in 1843, when the testatrix was ill, and as the witness thought, deranged in her mind. This declaration was, his mother "did not know what she was talking about." To the admission of so much of the deposition as related to this declaration the plaintiff objected, but the court admitted it, to which the plaintiff excepted.

The plaintiff claimed that by the provisions of the will he was to receive a less proportion of the estate than he would if it were divided according to the statute of distributions.

The defendants also offered in evidence the deposition of Barna A. Cook, which was taken in March, 1857. In this deposition, at the close of his examination in chief the deponent said: "the above is a copy of a deposition which I gave in July, 1849, (except the dates have been altered), when the facts were fresh in my recollection." The deposition then proceeded to state the answers of the deponent upon cross-examination, at the close of which the deponent signed the deposition, and it contained the usual certificate of the magistrate, in due form, that the deponent

made oath that the foregoing deposition, by him subscribed, contained the whole truth, and nothing but the truth.

The plaintiff objected to the admission of this deposition for the reason, as he claimed, that it was therein stated to be a copy of a former deposition, and that the facts contained in it were not sworn to. But the court overruled the objection, and admitted the deposition, to which the plaintiff excepted.

The plaintiff introduced the deposition of Lucinda Balch, taken March 20th, 1852, which tended to show that the testatrix was of sound and disposing mind at the time of the execution of the will, and that she was not unduly influenced by her sons in respect to its provisions. It appeared that owing to the deponent's ill-health she was not cross-examined by the defendants; but afterwards, on the 28th of October, 1856, at the request of the defendants, a seco_d deposition was taken, which the plaintiff also put in evidence. In this deposition, to the defendant's inquiry whether she remembered saying in the presence of her daughter, Jeanette Balch, that the will of the testatrix was more the boys' will, or James F. Robinson's will, than that of the testatrix, the deponent replied, that she did not recollect that she ever said so. At the taking of this last deposition the plaintiff objected to it on account of its irrelevancy and informality, it being a continuation of a former examination, and this objection was noted upon the deposition.

The plaintiff also introduced the deposition of Jeanette Balch, and read the same to the jury, except the following question and answer in the deponent's cross-examination by the defendants: Q. "Did you ever hear your mother say in substance that the will was the boys' will, or more the boys' will than their mother's?" Ans. "I have heard mother say she guessed it was a sort of boys' will. I do not think I ever heard her say it was more the boys' will than their mother's."

The defendants then offered to read in evidence the foregoing question and answer in the deposition of Jeanette Balch, to which the plaintiff objected, but the court admitted them to be read, to which the plaintiff excepted.

The defendants offered the testimony of Nancy B. Hutchinson,

one of the defendants, and the plaintiff objected to her as an incompetent witness. But the court allowed her to testify, to which the plaintiff excepted.

By the provisions of the will the defendant Oramel Hutchinson received no portion of the estate of the testatrix.

The jury returned a verdict in favor of the defendants and against the will.

*Roberts & Chittenden*, for the plaintiff.

*P. Dillingham* and *William Weston*, for the defendants.

PIERPOINT, J.   The first exception taken by the plaintiff to the ruling of the county court, is to the admission of evidence of the declarations of the plaintiff made in 1842 or 1843, as to the then mental condition of the testatrix.

At common law, the declarations and admissions of the party of record are always admissible, and that too, whether the party of record is a party in interest or not.

In this State we have adopted a different rule, and require that the party of record should also be a party in interest, in order to make his declarations evidence ; 18 Vt. 371.

In this case, J. H. Robinson is not only the party of record, but is also a person in interest. He is a party of record, not by operation or compulsion of law, as claimed by the plaintiff.   If the will was in his possession at the decease of the testatrix, it was his duty to present it to the probate court, within a limited time, under the penalty imposed by statute.   But further than that he was under no legal obligation to go.   The fact that he was named as executor in the will, imposed on him no obligation that he was not at liberty to decline.   Having consented to act as executor, and taken upon himself the duty of sustaining the will, and being interested in its provisions, we think his declarations were properly admitted ; and the fact that he may have had a greater interest in defeating the will than in sustaining it, can make no difference.   The right of the defendant to show his declarations, does not depend upon the nature or extent of his interest.   Such fact might have an important bearing on the question

of his having made the declarations, or the weight that they should have on the question in issue.

We think the evidence of these declarations was admissible on another ground. The defendants were resisting the probate of this will, for the reason (among others) that J. H. Robinson had induced the testatrix to make the will in question by the exercise of an undue influence over her, and his knowledge of the weakened state of her intellect would have an important bearing in determining the intent and motives with which his acts, in connection with the execution of the will, were performed.

The second exception was to the admission of Barna A. Cook's deposition. If the construction which the plaintiff puts upon this deposition is the true one, the objection is clearly well taken; but we think it is not. After his testimony in chief was written, and before cross-examination, he says that "the above is a copy of a deposition which I gave in July, 1849 (except the dates have been altered), when the facts were fresh in my recollection." Then after cross-examination he signs the deposition, and swears that it contains "the whole truth and nothing but the truth." This we think must be regarded as swearing to all the facts contained therein, and the statement which he gave as to the deposition given by him in July, 1844, is only saying that he swore to the same facts in a deposition given at that time, when they were fresh in his mind, and to which he now refers to refresh his memory; the deposition is to be construed as though the witness had said that when the above facts occurred, I wrote them down as they are above written, and I now refer to that writing to refresh my recollection. When the witness in this case was sworn to the truth of the deposition, he testified to all the facts stated therein relating to the matters in controversy, and also to the fact that he had sworn to a part of them in a previous deposition.

The third exception is to the admission of a part of the deposition of Jeanette N. Balch.

If this evidence be admissible for any reason, it is because it has a tendency to impeach the testimony of Lucinda Balch; and we do not see that this question is affected by the manner in which the second deposition of Lucinda Balch is regarded, whether as a continuation of the cross-examination,

which was suspended when the first deposition was taken, or as an original deposition. Her answers to the defendants' interrogatories are of no importance, except as laying the foundation of an impeachment. And this was wholly unnecessary, as under repeated decisions in this State, her declarations, at variance with her former deposition, were admissible without interrogating her. Lucinda Balch, in her deposition, has testified to the fact that the will was made and executed at her house, with all the circumstances attending the making and execution of it, with her opinion of the mental capacity of the testatrix, etc. In her second deposition, in answer to an interrogatory of the plaintiff's, she says she believes that the will is as Nancy Robinson intended it should be. This evidence was objected to by the defendants at the taking of the deposition, but it was taken by the magistrate, and appears to have been read to the jury by the plaintiff. In view of this testimony we find it difficult to resist the conclusion that the expression of her opinion, as testified to by Jeanette, that it was a "sort of boys' will," is at variance with her former testimony, at least so far as to make the declarations admissible by way of impeachment; its weight was for the jury.

Again, it is insisted that there was error in admitting the testimony of Nancy B. Hutchinson, one of the defendants.

Nancy B. Hutchinson was a daughter of the testatrix, and is seeking to set aside the will, that she may take her distributive share as one of the heirs of the deceased. She resisted the decree of the probate court establishing the will; the decision of the probate court being adverse to her claim, she takes an appeal; to do this (she being a *feme covert*) it becomes necessary that her husband should join her, or that it should be done through the intervention of a "next friend;" but in whatever manner it is accomplished, the proceeding is entirely for her benefit, and to secure her right and interest in and to the estate of her mother. Her husband, for the reason above stated, is made a party to the record, but he has no interest in the proceeding; he has no interest in any portion of the estate, either under the will or as heir; he may be affected incidentally by the result, but it can not be said that he has any right or claim that is sought to be asserted or enforced by these proceedings, or that the testimony of the

30

witness can in any manner operate for or against him, or any right or interest that he has relating to this estate.

The rule of law that, from motives of public policy, prohibits the husband and wife from testifying for or against the other, seems to have no application to a case like the present; here the husband has no interest that can be prejudiced or promoted by the testimony of the wife.

While the question was pending before the probate court, Mrs. Hutchinson was clearly a competent witness; her husband was then no party to the proceeding, and his interest could not be affected. If she was a competent witness then, certainly nothing has transpired since that ought to exclude her. It is true that in taking the appeal her husband was joined with her, not because he had any interest in the proceeding, but solely to give effect to her appeal, and to enable her to prosecute her opposition to the will. And after the appeal is allowed, and the decree of the probate court vacated, we think she must be permitted to resist the proof and allowance of the will, in the county court, and in the same manner and with the same evidence.

The judgment of the county court is affirmed, and the result is to be certified to the probate court.