## CALVIN NOYES *vs.* ORLANDO W. MORRILL.

Oral declarations to a third person, made on land by J. S., to whom the fee of the land was afterwards conveyed, that it was subject to a right of way in favor of an adjoining proprietor, are incompetent to charge the land with such an easement against a subsequent owner in privity with the after acquired title of J. S., without some other evidence of what was J. S.'s tenancy of the land at the time when he made them, than that he was then in the occupation of it; nor are they admissible to prove that any use of such an easement afterwards, by the adjoining proprietor, while J. S. was owner of the land, was under a claim of right and not by his permission.

On the trial of an issue between A. and B., whether there was a right of way by prescription, appurtenant to B.'s field, across A.'s adjoining close, the judge, on A.'s objection, excluded the testimony of C., a witness for B., in response to B.'s questions, what lands, if any, in the vicinity of the premises were ever owned by D., who was B.'s grantor, and whether D. used such a way as a matter of right or by permission only. *Held*, that B. had no ground of exception.

TORT for breaking and entering the plaintiff's close in Newbury. Writ dated September 25, 1865. The defendant sought to justify his alleged acts of trespass under claim of a right of way across the close. Trial in the superior court, before *Putnam*, J., who allowed the following bill of exceptions :

" The plaintiff claimed title under a deed of the premises from the heirs and widow of Robert Watt, dated December 24, 1862 ; a deed from Benjamin Pearson to Robert Watt, dated December 13, 1836 ; and a deed of the heirs of Robert Watt, who died in 1855, of a life estate in the same to his widow, dated August 18, 1855 ; and offered only these deeds in evidence, as his title.

" The defendant contended that, as agent or servant of Eben Ferguson, he had a right to pass over the plaintiff's land, and had a right of way across it as appurtenant to a certain field and pasture adjoining it. He put in the title of the heirs of said Ferguson to the field and pasture, as follows : a deed of Amos Bray to James Ferguson, dated October 24, 1836 ; James Ferguson by his will, admitted to probate October 15, 1844, to James Ferguson, Jr. ; James N. Ferguson to Eben P. Ferguson, by deed dated January 12, 1855. Eben Ferguson died in 1864, leaving heirs whom the defendant claimed to represent. The defendant's deeds contained no allusion to any right of way over the plaintiff's land.

" The defendant offered as a witness Herman D. Rogers, who testified that in 1833 he occupied, under James P. Ferguson, a house not far from the plaintiff's land, and hired a right in the field and pasture of said Ferguson, and drove his cow to the same, over the way claimed, across the plaintiff's land. The nature of the occupation of the field and pasture by said Ferguson did not appear otherwise than from the fact of his thus driving his cow to it across the plaintiff's land. He testified that there was a well defined way, with wheel tracks, at that time, and from a long time previous, across the plaintiff's land.

" The defendant then offered to prove by this witness, that, while so in occupation, in 1833, the witness, on the land, had a conversation with Robert Watt, then in occupation of it, and Watt told him that there was a right of way across the land as then used and that the Fergusons had the right to that way. The plaintiff objected to this evidence, and the judge excluded it.

" The plaintiff's counsel, in opening the case, stated that he should offer only evidence of his title, in the first instance; but stated to the jury, generally, how the land had been occupied, and by whom, since 1825, and among other things stated that Robert Watt, who took his deed in 1835, was in occupation of the land from 1831 to 1835 under a bond for a deed. But he offered no evidence of any such bond, and, when the testimony of Rogers was offered by the defendant, he disclaimed that he had any evidence of that fact, and did not make the statement as a material fact. There was no evidence of the character of Watt's occupation prior to 1835.

" The defendant offered the deposition of James N. Ferguson; the 6th and 8th direct interrogatories, and the 11th cross-interrogatory in which, and the answers thereto, were as follows :

" ' *Int.* 6. State what lands, if any, your father owned at any time in the vicinity of the premises ? State whether or not your father owned a field and pasture adjoining them. If yea, state the lands over which he passed in going to and from said field and pasture. State fully and particularly, and describe as well as you can, the courses pursued in going to and from said pasture and field ?

" ' *Ans.* [He owned a farm in Newbury, in the vicinity of the premises claimed by the plaintiff ; a pasture leading from our barn to Parker River ; one field east of his barn, and one field northeast of his barn ; a piece of woodland and two orchards, lying northwest of his house ; and also a pasture and field on the east side of Parker River, containing thirty or forty acres.] The land which he passed over in going to his pasture and field was a pasture belonging to Mr. Watts, known as the Watts pasture. He passed over the river, crossing the bridge at the mill, then ascending a hill, then bearing south or southeast across the Watts pasture to his field and pasture. This description is as near correct as I can now remember.

" ' *Int.* 8. State whether said way was used by him as a matter of right, or by permission only ?

" ' *Ans.* The way used by him going to his field and pasture above referred to was by a matter of right ; it always being understood that he had that right.

" ' *Cross-Int.* 11. Did not the Fergusons help repair the bridge for the privilege of crossing with the cows ?

" ' *Ans.* The Fergusons did not repair the bridge for the privilege of crossing with the cows, [as it was always understood that they had a perfect right to cross over without permission.] '

" The plaintiff objected to the 6th and 8th answers in chief, and to the answer to the 11th cross-interrogatory. The judge excluded the whole of the 8th answer, and that portion of the 6th answer which is included in brackets, the latter on the ground that the ownership of real estate could not be proved in this manner ; and also excluded that portion of the answer to the 11th cross-interrogatory which is included in brackets.

" The question which went to the jury was whether the way had been used for twenty years, and so a title gained by prescription. The jury found for the plaintiff, and the defendant alleges exceptions."

*D. Saunders*, for the defendant.

*J. C. Perkins & W. C. Endicott*, for the plaintiff.

COLT, J. This bill of exceptions is not precise in some of its statements of title.

The declarations of Watt in 1833 were not admissible to charge the plaintiff's estate with an easement in favor of those under whom the defendant claims. There was no evidence that Watt was then the owner of the land or claimed any interest therein. At most, he was only in the occupation of the premises, and acquired title afterwards by the deed to him in 1835. The nature of his tenancy before that does not appear.

The declarations of a former owner are admissible to qualify or disparage his title to the exclusive use and occupation of the estate which he holds. If made while the title is in him, they are evidence against another who is privy in estate. They cannot affect any estate subsequently acquired by the person who makes them. It is the title derived by Watt in 1835, to which the plaintiff stands in privity, and that title is not to be thus qualified. *Bartlett* v. *Emerson*, 7 Gray, 174.

This exception to the general rule excluding hearsay cannot be availed of by the suggestion that the declarations offered tended to prove that the use of the way during Watt's ownership was under a claim of right and not by his permission. The fact, if material, cannot be proved by hearsay, and does not come within the exception above stated. 1 Greenl. Ev. §§ 109, 189.

Those portions of the answers to certain interrogatories in the deposition of Ferguson, which were ruled out by the court, were objectionable as statements of the opinions of the witness upon facts not disclosed, or as an attempt to prove the ownership of real estate by incompetent evidence. They were properly excluded. *Morrison* v. *Chapin*, 97 Mass. 72.

*Exceptions overruled*