## SYLVANUS STOCKWELL *vs.* SARAH A. BLAMEY.

Suffolk.   November 17, 1879. — September 8, 1880.

A deed of land was executed by a man and his wife to a third person, who, at the same time and as part of the same transaction, executed a deed of reconveyance of the land to the wife. *Held*, that the declarations of this third person, made after the deeds were executed, but before they were delivered, to the effect that the deeds were executed because the husband and wife feared that the land would be attached by a creditor of the husband, were inadmissible in a writ of entry against the wife by this creditor, to whom the land was subsequently sold on execution.

COLT, J.   The two parcels of land demanded in this writ of entry were sold on execution as the property of Nicholas T. Blamey, and conveyed by sheriff's deed to the demandant. A few days before the land was attached, Blamey and his wife had conveyed the same in two deeds to Harding, who, at the same time and as part of the same transaction, conveyed the same to Mrs. Blamey, the tenant in this action. It was contended by the demandant that these conveyances of the land from Blamey to his wife, through the intervention of Harding, were fraudulent as to his creditors.

At the time of the transfer, the two deeds drawn up by Harding, who was a real estate broker, were signed by Blamey and his wife and taken by Harding to a magistrate, who returned with him to Blamey's residence, where they were acknowledged and delivered.

The demandant offered to prove declarations of Harding, while he was on his way with the magistrate to obtain the acknowledgment of the grantors, and before the deeds were delivered, the substance of which was, that the deeds were being made and executed because of apprehensions on the part of the Blameys that the property would be taken to satisfy a debt due the demandant. The judge excluded this evidence, on the ground that the deeds had not been delivered at the time the declarations were made; and it is clear that, as admissions in disparagement of title, the evidence was not competent. The declarations of a former owner to qualify or disparage his title are only admissible when made while the title

is in him. They cannot be allowed to affect a title which is subsequently acquired. *Noyes* v. *Morrill*, 108 Mass. 396.

Nor were the declarations offered competent upon the issue presented for the purpose of showing a fraudulent intent on the part of Blamey and his wife. There was no sufficient foundation laid for their introduction. Apart from the declarations themselves, there is nothing to show that Harding was not an innocent agent employed only to transfer the title from Blamey to his wife without any knowledge of their fraudulent intent. He does not appear to have paid any consideration for the deed to himself, or to have received any from his grantee. He had only an instantaneous seisin, with no actual possession of the premises. The jury would not be justified in finding that he was a participator in the alleged fraud, or that he was more than a mere conduit of title. Under such circumstances, his declarations as to the apprehensions and purposes of the Blameys were hearsay. They were not admissible as characterizing any act done by him. They related to the conduct and intentions of other parties ; and their weight as evidence depends entirely on the credit of Harding, and not on their connection with any fact in issue. They do not come within the rule which makes the declarations of one of several parties acting in concert admissible, because there was no evidence that Harding was jointly interested in the alleged fraud of the Blameys. *Haynes* v. *Rutter*, 24 Pick. 242. *Pool* v. *Bridges*, 4 Pick. 377. *Lund* v. *Tyngsborough*, 9 Cush. 36. *Exceptions overruled.*

*A. Russ & R. Lund*, for the demandant.

*N. C. Berry*, for the tenant.