ELIJAH BARBER'S ADM'R v. ROBERT W. BENNETT.

*Evidence.    Declaration of party in interest.*

The declarations of a real party against the validity of a claim, though made before he became the owner of the claim, are admissible and competent evidence as tending to prove a defence in a suit founded upon such claim; and it is error to limit the declarations to merely impeaching testimony.

ASSUMPSIT in common counts, commenced by Elijah Barber in his lifetime. Trial by jury, December Term, 1887, POWERS, J., presiding. Verdict for the plaintiff.

It appeared and was not disputed that before the commencement of this suit Elijah Barber assigned and transferred to his daughter, Harriet Jewett, all claims in his favor against the defendant and that this cause is being prosecuted for the use and benefit of said Harriet Jewett.

Said Harriet Jewett was examined as a witness on the part of the plaintiff and testified somewhat as to the board bill and what was the relation to the family of the defendant while he lived at the house of said Barber.

The defendant then called two or three witnesses who testified that said Harriet Jewett had told them prior to 1871 and years before said assignment to her, that the defendant more than paid his board while he so lived and boarded in the family, and while she as the wife of Charles Jewett was also a member of the same family.

The court charged the jury in part:

" There is another class of evidence in this case, gentlemen, that it is proper for me to call your attention to, and that is evidence that has been produced here to show that some one of the parties or witnesses has made statements out of court different from the statements or testimony that they have given

in court. To illustrate that idea, I call your attention to the testimony of Mrs. Jewett. This is one instance of it and there are others. Some witness has testified that Mrs. Jewett on one occasion, when she was there at Mr. Barber's house, told her that Dr. Bennett brought into the house provisions or supplies enough to pay for his board. I have not stated the exact language of the witness and I don't remember it. That is the idea; you are to rely upon your own recollection of this evidence or the substance of it; but as I remember it, she tertified that Mrs. Jewett said in substance that Dr. Bennett had furnished enough to pay for his board. If that was true then of course he does not owe that board bill. Mrs. Jewett says she never made that statement. Now suppose she made that statement, what is the effect you are to give to the testimony of this lady who testifies to this statement? It does not establish the fact; it is not evidence tending to support the fact that the doctor actually did bring enough into the house to pay for his board; it is not to be used for that purpose. If Mrs. Jewett had told a score of witnesses that same thing, it would not be evidence that would give you the right to find the fact that Dr. Bennett did furnish enough to pay his board bill. You are not to use it for that purpose, but the law gives you the right to use such contradictory evidence for the simple purpose of impeaching the credibility of Mrs. Jewett; that is to say, if you find that Mrs. Jewett has made such a statement out of court and those statements are inconsistent with the testimony which she gives in court, then the question arises, how much can I rely upon the testimony of Mrs. Jewett, how much is she affected by this contradiction, how much less trustworthy is she in view of the fact that she has told one story out of court and another in court. And then if you find that she is to some extent impeached in respect to her trustworthiness in this behalf the question arises, how much reliance shall I give to the rest of her testimony. That is all the effect it has."

The other facts are sufficiently stated in the opinion.

Barber's Adm'r v. Bennett.

*W. B. Sheldon* and *J. C. Baker*, for the defendant.

The defendant claims that as Mrs. Jewett is the real party in interest in this suit, and her relations to the transaction were such, that her statements were evidence against her that the fact was as she stated it. The law in regard to this class of evidence looks chiefly to the real parties in interest, and gives to their admissions the same weight as though they were parties to the record. 1 Greenl. Ev. s. 180.

It is not material that Mrs. Jewett took her assignment after she made the admission. Before she became the party in interest, the admission could be used as between the original parties, only to affect her credit as a witness, but when she becomes a party and prosecutes a suit, in the name of her assignor, to collect payment for this very matter that she had before admitted had no merit, those declarations are evidence against her that the fact is as she stated it.

*Batchelder & Bates* and *Burton & Munson*, for the plaintiff.

The testimony as to statements made by Mrs. Jewett was evidently offered to impeach her credibility, and was not admissible for any other purpose. The general rule as to admissions is that they must have been made while the party making them had some interest in the matter. 1 Greenl. Ev. 219. The ground on which admissions are received in evidence is that men may be relied upon to protect their own interest, and that when they admit anything against their interest it may safely be taken as direct evidence of the fact. 2 Best, 660.

Statements made by a person before he acquired his interest cannot be shown as admissions. *Dent* v. *Dent*, 3 Gill (Md.), 482; *Lawrence* v. *Boston*, 119 Mass. 126; *Burton* v. *Scott*, 3 Rand. (Va.) 399.

The opinion of the court was delivered by

ROWELL, J. The cause of action in this case, if any there be, is non-negotiable and was assigned to Mrs. Jewett, the intestate's daughter, before suit brought, who thereby became

the equitable owner thereof, and the suit is prosecuted for her benefit; so she is plaintiff in interest. One item sought to be recovered is for defendant's board in the intestate's family from October, 1867, to October, 1870, during most of which time Mrs. Jewett and her husband were also members of the family, and Mrs. Jewett had knowledge of the justness of the item.

The defendant showed by several witnesses that before 1871, which was long before the assignment to her, Mrs. Jewett said that the defendant more than paid his board while he lived in the family. Mrs. Jewett was a witness, and denied having made such statements. In the charge the court limited the testimony to the impeachment of Mrs. Jewett, and denied its competency as tending to show the fact of payment, to which the defendant excepted, and we think the exception broad enough to raise the question.

*Robinson* v. *Hutchinson*, 31 Vt. 443, if followed, is decisive on this point. There a will was contested on the ground of want of testamentary capacity, and undue influence of the executor and his brother, who were sons of the testatrix and legatees under the will. The contestants proved that at one time when his mother was sick, about four years before the will was made, the executor said she " did not know what she was talking about"; and this was held proper, because he had consented to act as executor, and had taken upon himself the duty of sustaining the will, and was interested in its provisions. It is not important that the executor was a party of record as well as in interest, for the law looks chiefly to the real parties in interest, and regards them as though they were parties of record—1 Greenl. Ev. s. 180; 1 Phil. Ev. *486; *Hanson* v. *Parker*, 1 Wils. 257—while, on the other hand, the admissions of a party of record who is a mere trustee, or whose name is used as matter of form, are not receivable. *Sargeant* v. *Sargeant*, 18 Vt. 371. Nor, as we shall see hereafter, are the admissions of one who sues in a representative capacity only, unless made while that character was sustained

We think *Robinson* v. *Hutchinson* is sound, though *Burton* v. *Scott*, 3 Rand. (Va.) 399., is a similar case, and decides the other way, on the ground that the rule, that the admissions of a party are evidence against him, rests upon the presumption that no one will make a declaration against his own interest unless it is true, and hence, that the interest must exist when the declaration is made. If this were the true ground of the rule, the logic of that case is irresistible. But it is not the true ground. The mistake lies in supposing the presumption to be the test of admissibility, whereas it is only a test of credibility ; for, as said by Professor Greenleaf, in regard to many admissions it cannot be supposed that at the time of making them the party believed they were against his interest, but often the contrary. Therefore, he says, such evidence seems to be more properly admissible as a *substitute* for the ordinary legal proof. 1 Greenl. Ev. s. 169. Mr. Wharton says it is admissible, either as yielding presumptions against the party charged, or as relieving (under ordinary circumstances) the party offering it from the necessity of more formal proof. 2 Whart. Ev. s. 1077.

Mr. Justice Stephen defines an admission to be a statement that suggests an inference as to a fact in issue or a fact that is relevant or deemed to be relevant to such fact, made by or on behalf of a party to a proceeding ; and says that every admission is deemed to be a relevant fact as against the person making it, except in certain cases ; as, when made by a person suing or sued in a representative character only, in which case it must be made while the person making it sustained that character. Steph. Dig. Ev. 53, 54. *Dent* v. *Dent*, 3 Gill, 482, to which we have been referred, comes within this exception ; and there are many other cases to the same effect. So when by succession of title a party to a suit is so far in privity with another that he could be affected by his acts, then he can be affected by his admissions only when they are made during the latter's interest in the subject-matter of the suit ; for then only can he engraft them upon the interest so that they will

Barber's Adm'r *v.* Bennett.

follow it into the hands of his successor. But as to the self-disserving declarations of the real party to the suit, this, as we have seen, is not the test of admissibility. And although the best text writers do not all suggest precisely the same ground of admissibility, yet we venture to say that it is a sufficient ground that they are the declarations of a party in interest and are relevant to the issue.

This view renders it unnecessary to consider the other exception.

Judgment reversed and cause remanded.