HOSMER TUTTLE v. JOHN CONE, Sheriff, A. F. SHAPLEIGH HARDWARE COMPANY and C. H. SWAB, Appellants.

**Declarations as to title.** Declarations affecting one's title to personal property, made previous to his acquiring title thereto under a bill of sale, are not competent evidence against him to defeat his title.

**Evidence.** Evidence of negotiations for the purchase of certain personal property, between strangers to the bill of sale thereof, is not competent to defeat the title acquired under such circumstances.

**COMPETENCY OF OPINIONS ON VALUE.** In conversion of bicycles, one not familiar with such machines in general, nor with the par-

ticular make of machine in controversy, is nevertheless a competent witness as to its value, there being other sufficient evidence of competency.

**Trover:** TITLE: *Fraudulent conveyance.* Proof of a bill of sale, duly executed and delivered to plaintiff, previous to an attachment of the property included therein by an alleged creditor of the vendor, though fraudulent in fact, is sufficient evidence of title to enable the vendee to recover in an action for conversion against the attaching creditor, in the absence of proof by the attachment plaintiff that he is a creditor of the attachment defendant.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

THURSDAY, MAY 18, 1899.

PLAINTIFF states, as his cause of action, that on May 11, 1896, said company commenced an action against Shelly Tuttle for seven thousand nine hundred and seventy-eight dollars and four cents, and procured an attachment for two thousand dollars, which the defendant Cone thereafter levied upon twenty-one bicycles, "which were in possession of the plaintiff, and were his absolute and unqualified property;" that plaintiff served notice of his ownership, whereupon said sheriff demanded and received from the defendant company an indemnity bond, with defendant Swab as surety. Plaintiff alleges that said attachment was wrongfully levied upon his property; that Shelly Tuttle had no interest therein; that, by reason of the levy, he had been deprived of the property; and that the reasonable value thereof was one thousand eight hundred and ninety dollars; and that he had been damaged, by reason of the loss of the use thereof, six hundred and ten dollars; wherefore he asks to recover two thousand five hundred dollars, with interest. The defendant Cone answered, justifying under the attachment and bond, and the defendant company answered, denying that plaintiff was the owner of the property levied upon; that his pretended ownership is fraudulent; that said bicycles were turned over to him by defendants in the attachment suit for the purposes of conceal-

ing the same from the creditors of said defendants. Verdict and judgment were rendered in favor of the plaintiff for one thousand five hundred and fourteen dollars. Defendants appeal.—*Affirmed.*

*Jamison & Smyth* for appellants.

*Heins & Heins* and *Preston, Wheeler & Moffit* for appellee.

GIVEN, J.—I. Appellants' first contention is that the court erred in admitting the evidence of several witnesses as to the value of the bicycles; the claim being that said witnesses were not shown to be competent to testify to their value, because not familiar with the value of bicycles in general, nor of that particular make. We have examined each of these complaints, and find that what is urged goes rather to the weight to be given to the testimony of the witnesses than to their competency. We think the showing as to their competency was sufficient to allow their evidence to be taken.

Appellants complain that they were not permitted to ask a witness, on cross-examination, as to the value of the wheels, based upon the fact of their number; that they were in the original frames, in a vacant storeroom in Cedar Rapids, for four or five days. The witness was fully cross-examined as to their value, and we do not see that these facts so materially entered into the question of value as that the ruling was prejudicial.

Appellants complain that they were not permitted to show by the witness Swab that plaintiff said to him, along in the latter part of April or the first of May, that he was going to sell the wheels in Cedar Rapids for his brother. Plaintiff's claim of ownership rests upon a bill of sale from Shelly Tuttle, dated and acknowledged May 2, 1896, in California, and a statement such as that sought to be proven, made

prior to the time he acquired his title, would not tend to defeat that title.

It is also complained that the court excluded certain letters from Swab to Shelly Tuttle offering to buy the wheels, which were handed to the plaintiff, to be transmitted, April 29, 1896. This proposition was between parties strangers to this transaction, and it does not follow that because thereof the plaintiff may not have acquired a valid title under the bill of sale.

II.  Appellants ask an instruction to the effect that the jury was not called upon to determine whether the defendant in the attachment suit was indebted to the plaintiff therein, nor whether said attachment would be sustained, and that there were but two issues in this case, namely, whether plaintiff was the owner of the bicycles at the time they were taken on the attachment, and their fair market value at that time. As to the issues involved, the court so instructed; as to the other part of the instruction asked, it was clearly erroneous. In *Day v. Kendall,* 60 Iowa, 414, a case similar to this the court said: "The evidence, we think, shows a sale and delivery by Kendall to Garrett. Whether the sale was fraudulent or not, we do not determine. If it should be conceded that it was, it was sufficient to pass the title, as between the parties to it, and it was also sufficient, as against the plaintiffs, unless they were creditors of the vendor. To enable them to seize and hold the property under their attachments, after it had been actually sold and delivered to Garrett, it was incumbent upon them to aver and prove that they were creditors of the vendor. This they failed to do. We think that the court erred in rendering judgment in their favor, as against the intervener." The court instructed that it was incumbent on the defendant company to show that, at the time of the issuing of the attachment, the defendants therein were indebted to the attachment plaintiff, and that, there being no evidence in this case of such indebtedness, the claim of appellants that the transfer of

the bicycles to plaintiff was fraudulent was not sustained. We discover no evidence upon which to have found any indebtedness, and therefore conclude that there was no error in refusing the instruction asked, or in giving this one complained of. As no prejudicial errors appear, the judgment of the district court is AFFIRMED.