GAY v. JACKMAN et al. (No. 402–3750.)

(Commission of Appeals of Texas, Section B. June 30, 1923.)

Evidence ⬅️222(9) — Admissions against proprietary interest made prior to the acquisition of such interest inadmissible in action to recover cattle taken and sold by defendant.

In a suit to recover the value of certain cattle which had been taken possession of and sold by defendant, testimony by defendant that plaintiff previous to the time she had acquired any interest in the cattle had aided him in separating them from cattle belonging to her sons, and stated that those which he took were the ones to which he was entitled, *held* inadmissible as admissions against proprietary interest, they having been made before the acquisition of such interest.

Error to Court of Civil Appeals of Third Supreme Judicial District.

---

Action by Eliza Gay, as assignee of her son, Gib Gay, against W. .T. Jackman and others. From judgment of the Court of Civil Appeals (237 S. W. 315) reversing judgment for plaintiff, defendant brings error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

E. M. Cape and Will G. Barber, both of San Marcos, for plaintiff in error.

R. E. McKie, of San Marcos, for defendants in error.

McCLENDON, P. J. Mrs. Eliza Gay, plaintiff below, brought this suit as assignee of her son, Gib Gay, against W. T. Jackman and others, to recover the value of certain cattle which were taken possession of and sold by Jackman, and which were claimed by plaintiff to be the property of Gib Gay, and therefore to have been converted by Jackman. The latter had been appointed administrator of one Chas. Lindeman's estate in 1897. The cattle were then in a pasture belonging to plaintiff, and Jackman took them from this pasture, claiming that they were the property of Lindeman. At that time plaintiff had no interest in the cattle. The assignment under which she claimed was executed by her son some four years later.

During the trial Jackman, after detailing the circumstance under which he took the cattle from Mrs. Gay's pasture, testified in his own behalf as follows:

"After getting the cattle gathered and in the pen I went to the house and talked to Mrs. Gay, and I told her I wanted her to go to the lot with me and point out such cattle as she might claim herself. She pointed out the cattle branded in a certain brand, and said they were Lindeman's cattle, and all others she pointed out as belonging to her and her different children. I cut out her cattle and turned them out in the pasture. There was no animal that I drove away that there was any contention about the ownership. I drove away just the cattle that she pointed out to me as Charley Lindeman's cattle."

Plaintiff objected to this testimony on the ground that it is not competent to show title by the declarations of a party to the suit, made at a time when such party has no interest in the property. We should add that Mrs. Gay was not called as a witness in the case.

After the testimony was concluded the trial court, upon plaintiff's motion, sustained this objection to the testimony above quoted, struck it from the record, and rendered judgment for plaintiff upon a directed verdict for the full value of the cattle with interest from the date of their seizure by Jackman. Later, upon a remittitur entered by plaintiff, the trial court reduced the amount of the judgment by one-half. The Court of Civil Appeals held that Mrs. Gay's admissions were competent evidence of Lindeman's title, reversed the trial court's judgment, and remanded the cause for a new trial. 237 S. W. 315. For a more detailed statement of the case we refer to the opinion of the Court of Civil Appeals.

The Court of Civil Appeals rested its holding that the evidence was admissible upon the authority of Robinson v. Hutchinson, 31 Vt. 443, Barber v. Bennett, 60 Vt. 662, 15 Atl. 348, 1 L. R. A. 224, 6 Am. St. Rep. 141, and Wigmore on Evidence. This holding is in direct conflict with that in the cases of Reed v. Phillips (Tex. Civ. App.) 33 S. W. 986, and Bell v. Preston, 19 Tex. Civ. App. 375, 47 S. W. 375, 753, and the writ of error was granted expressly upon the ground of this conflict. Subject to certain well-defined exceptions which have no application to the instant case the general rule of law now firmly established by the great weight of authority in this country is thus stated in 1 A. & E. Enc. of Law (2d Ed.) p. 685:

"It is a rule applicable to all cases of admissions against proprietary interest that the admission must have been made while the title was in the person making it, neither before it was acquired, nor after it was transferred."

This rule is supported in the following cases and texts: Reed v. Phillips (Tex. Civ. App.) 33 S. W. 986; Bell v. Preston, 19 Tex. Civ. App. 375, 47 S. W. 375, 753; Burton v. Scott (1825) 3 Rand. (Va.) 407; Morton v. Massie (1834) 3 Mo. 482; Wallace v. Miner (1834) 6 Ohio, 366; May v. Little, (1842) 25 N. C. 27, 38 Am. Rep. 707; Dent v. Dent (1846) 3 Gill (Md.) 482; Noyes v. Morrill (1871) 108 Mass. 399; Tuttle v. Cone (1899) 108 Iowa, 468, 79 N. W. 267; Benson v. Raymond (1905) 142 Mich. 357, 105 N. W. 870, 108 N. W. 660; Ins. Co. v. O'Grady (1914) 115 Va. 830, 80 S. E. 743; Lamar v. Micou, 112 U. S. 452, 5 Sup. Ct. 221, 28 L. Ed. 751; 22 C. J. pp. 234, 235, 345, 356; 1 R. C. L. p. 468. Also by the following law writers in their several works on evidence: 1 Greenleaf, § 179; 2 Wharton, § 1080; Starkie, p. 51; 2 Best, § 519; 2 Taylor, § 757; Wood, 501; 1 Phillips, pp. 402, 497; 2 Jones, § 236; 2 Chamberlayne, § 1312.

The basis for excluding declarations made by a party to the suit prior to the time he acquired an interest in the subject-matter of the declarations is set forth in the following quotation from Burton v. Scott, above:

"The real question then, is this: Can the declarations of a person, as to a subject in which he had no interest at the time, be given in evidence against him, if, by any subsequent event, an interest in the subject should be thrown upon him? I have not been able to find any authority directly on this point. All the cases in which the declarations of a party are said to be evidence against him, show, that he had, at the time of making such declarations, an existing interest. The principle, however, on which his declarations are made evidence, will, I think, decide the question before us. The true meaning and sense of the rule, that the

declarations of parties may be given in evidence against them, is the reasonable presumption, that no person will make any declaration against his interest, unless it be founded in truth.' Testing the question by this criterion, the declarations of Mrs. Scott, made before the will, cannot be given in evidence; for it is the will which gives existence to her interest. Before its date she could not know that she would be left a penny; she could not know that it would not be so written as to oblige her to renounce it, and fly to the law for her support. She had not, then, that motive so powerful, as to afford a safe guaranty that she would make no declaration as to the incapacity of her husband, which was not founded in truth; and her declarations, wanting the essential quality to make them evidence, were properly excluded. I am for affirming the judgment."

This reasoning is adopted by the various courts and text-writers above cited. The only cases to the contrary so far as we have been able to find are the two from Vermont, cited by the Court of Civil Appeals.

We are clearly of the view that Mrs. Gay's statement to Jackman was not admissible to show title in Lindeman, and that the trial court committed no error in striking it from the record. We have carefully examined the statement of facts to determine what disposition should be made of the case under the above holding. With the testimony of Mrs. Gay's declarations eliminated, the evidence, in our opinion, will warrant no other conclusion than that the cattle in question were the partnership property of Gib Gay and Lindeman. The trial court therefore rendered the only judgment which the record will support.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.