# Richmond

## METROPOLITAN LIFE INSURANCE COMPANY V. O'GRADY.

### January 15, 1914.

1. EVIDENCE—*Admissions—Admissibility—Lack of Interest When Made.*
   The general rule is that the declarations of a party to the suit,
   or a person who has an interest therein, are admissible in evi-
   dence against such party or such person. One of the qualifica-
   tions of the rule, however, is that the declarations or admissions
   which are thus receivable in evidence must be those of a party
   or person having at the time they are made some interest in
   the matter afterwards in controversy in the suit to which he is
   a party or in which he has an interest.

2. EVIDENCE—*Insurance—False Representation of Age—Admission of
   Assured—When Admissible.*—In an action on a life insurance
   policy, where defense is made on the ground that the insured
   had falsely and fraudulently misrepresented his age or the con-
   dition of his health, his declarations as to his age or his health
   cannot be received in evidence against the beneficiary in the
   policy to prove the truth of the representations, but after evi-
   dence has been introduced tending to show that his age or health
   was different from what he represented it to be, such declara-
   tions may be received to show that he had knowledge of his age
   or the condition of his health and falsely and fraudulently mis-
   represented the same.

3. EVIDENCE—*Verbal Admissions—Received With Caution—Lapse of
   Time—Failure to Identify—Rejection—Not Reversible Error.*—
   Evidence of *verbal admissions* ought to be received with great
   caution because of the liability of witnesses to mistake or mis-
   understand the admissions when made, and to remember in-
   accurately or to misrepresent it afterwards. This rule applies
   with peculiar force where such evidence is to affect the rights
   of third persons. Where the declarations were made in a casual
   conversation five or six years before the witness testified, and
   do not appear to have been distinctly remembered or precisely
   identified, the ruling of the trial court in either admitting or
   rejecting them ought not to constitute reversible error.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wellford & Taylor,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action upon a policy of insurance on the life of John F. O'Grady, brought by his widow, the beneficiary therein, against the Metropolitan Life Insurance Company of New York.

One of the errors assigned is to the action of the court in refusing to permit Dr. Reams to testify as to certain admissions or declarations made by the insured before the policy sued on was taken out.

The general rule unquestionably is, as claimed by the defendant company, that the declarations of a party to the suit, or a person who has an interest therein, are admissible in evidence against such party or such person. 1 Greenleaf on Ev., sec. 11. This general rule is, however, subject to some qualifications or exceptions. 1 Greenleaf on Ev., sec. 179; *Burton* v. *Scott, &c.,* 3 Rand. (24 Va.) 399, 407-410; *Gain's Admr.* v. *Alexander,* 7 Gratt. (48 Va.) 257, 261. One of the qualifications is that the declaration or admissions which are thus receivable in evidence must be those of a party or person having at the time they are made some interest in the matter afterwards in controversy in the suit to which he is a party or in which he has an

interest. Same authorities last above cited. The principle upon which such admissions are made evidence, as was said in *Burton* v. *Scott, supra,* "Is the reasonable presumption that no person will make any declaration against his interest that is not founded in truth." If, therefore, at the time the declarations were made such party or person had no interest in the matter afterwards in controversy in the suit to which he is a party or in which he has an interest, such declarations are not admissible in evidence.

In *Burton* v. *Scott,* it was so held as to the widow of a testator, although not a party to the record. In discussing the question, where the declaration of the wife was made before the will under which her interest was derived, Judge Carr said, speaking for the court: "Before its date she could not know that she would be left a penny; she could not know that it (the will) would not be so written as to oblige her to renounce it and fly to the law for her support. She had not then that motive so powerful as to afford a safe guarantee that she would make no declaration as to the incapacity of her husband which was not founded in truth."

In *Gain's Admr.* v. *Alexander, supra,* it was held that the paper relied on as an admission, having been executed by the defendant before he qualified as administrator, was not competent evidence as an admission of a party to the record. In that case *Burton* v. *Scott* was cited with approval, and the principle upon which it rested was reiterated and applied. Upon principle and under our decisions the action of the court in rejecting the evidence in question was clearly right.

Another error assigned is the refusal of the court to permit declarations of the insured to be introduced in evidence. The witness, Snelling, who was an agent of the defendant company, when asked if he had ever had any talk with the insured with reference to his health, answered:

"I think that on one occasion Mr. O'Grady and I was talking and he remarked to me—I think as far as I can remember how the conversation come up—we were talking about insurance and he said he couldn't get any insurance then on account of his health. This is about the sum and substance of our remarks at that time." The witness said that he did not know whether or not Mr. O'Grady was then thinking about taking out insurance. The witness further stated that the said conversation, as well as he could remember, was five or six years before the death of the insured. The court then asked the witness if what he had told constituted the entire statement made to him by the insured, and his reply was, "I think so; yes, sir." The court thereupon sustained the objection to the evidence, to which the defendant company excepted. Immediately afterwards its counsel asked the following question: "Did Mr. O'Grady say anything in that connection about having consulted numerous doctors about the trouble from which he was suffering, and if so, what was said by Mr. O'Grady?" Upon objection to that question, the court said: "The question is rather leading in form and the witness has already been asked whether his first statement embraces substantially all that passed between Mr. O'Grady and himself; but the witness will be permitted to answer the question for the consideration of the court. That question was then withdrawn and the witness asked: "Did Mr. O'Grady state the trouble from which he was suffering and whether he had consulted physicians about it?" To which he replied: "Mr. O'Grady did not state to me his trouble—but he said he had had all kinds of doctors and taken all kinds of medicines, and he referred to R. E. L. Jones, stating that his medicine had done him more good than any doctor's medicine he had ever taken." The court adhered to its former ruling and rejected the whole of Snelling's evidence.

In an action on a life insurance policy, where defense is

made on the ground that the insured had falsely and fraudulently mispresented his age or the condition of his health, his declarations as to his age or health cannot be received in evidence against the beneficiary in the policy to prove the truth of the representations, but after proof has been introduced tending to show that his age or health was different from what he represented it to be such declarations may be received to show that he had knowledge of his age or the condition of health and falsely and fraudulently misrepresented the same. *Union Central Life Ins. Co.* v. *Pollard*, 94 Va. 146, 156, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715.

It is well settled that evidence of *verbal admissions* ought to be received with great caution because of the liability of witnesses to mistake or misunderstand the admission when made, and to remember inaccurately or misrepresent it afterwards. *Horner* v. *Speed*, 2 P. & H. 616; 1 Green on Evidence, sec. 200 (Redfield's Ed.)

If this be the rule where the verbal admission is to affect the party or person who made it, it ought to apply with greater force where it is to affect the rights of another.

The declarations in question having been made in a casual conversation five or six years before the witness testified, and not appearing to have been distinctly remembered or precisely testified, we cannot say that the trial court erred in rejecting the evidence—at least, it is of such a character that whether admitted or rejected it ought not to constitute reversible error.

The remaining assignment of error is to the action of the court in overruling the demurrer to the evidence. The grounds of demurrer were—

"First: That the statements and descriptions and answers to interrogatories as to his health and as to the attendance upon him by physicians made by the applicant in the application for the insurance policy sued on were wilfully false and fraudulently made, and were material.

"Second: That the policy sued on was obtained by reason of misstatements and concealments of material facts by the insured at the time of his examination by the physician of defendant, as set forth in the application for the said policy."

As the facts and circumstances of the case are such as are not likely to exist together in another case, no good purpose could be accomplished by discussing them in detail. It will be sufficient, therefore, to say, that while there is evidence which tends strongly to show that the insured did not answer the interrogatories propounded in the application for insurance, either as to his health or the physicians he had consulted, as fully and as correctly as he should have done, yet upon careful consideration of all the evidence both written and oral, we cannot say on demurrer to the evidence that his answers and statements were wilfully false and fraudulently made, or that the policy was obtained by reason of misstatements and concealment of material facts. The judgment must, therefore, be affirmed.

*Affirmed.*