# Richmond

## Brown Edward Tyree v. Edward B. Lariew.

December 4, 1967.

Record No. 6499.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*Paul Whitehead* for plaintiff in error.

*Robert C. Goad* for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Brown Edward Tyree, obtained a jury verdict in the amount of $9,000 against the defendant, Edward B. Lariew, for personal injuries sustained in an automobile accident. The trial court set aside the jury's verdict, entered judgment for the defendant, and plaintiff is here on a writ of error.

Plaintiff's sole contention is that the court erred in setting aside the jury's verdict and entering judgment for the defendant.

The accident occurred on May 4, 1963, around 9 p.m., near Gladstone, Virginia, while the plaintiff was operating defendant's 1962 Studebaker automobile in an easterly direction along U. S. Highway 60 at a speed of 30 to 35 miles per hour. The right rear tire on the car blew out, causing the car to leave the highway and go over an embankment. Plaintiff, an employee of the defendant, was on a mission for his employer at the time of the accident and had no knowledge of the condition of the tires on the car.

At the place where the car left the highway there is a slight curve in the road to the right. The speed limit was 55 miles per hour, but at or near the curve there was a sign indicating the maximum safe speed to be 25 miles per hour. The weather was clear, the night dark, and the highway dry.

A State trooper arrived at the scene of the accident after plaintiff had been taken by ambulance to a hospital for treatment of his injuries. He testified that the car was a total wreck, and was resting on all four wheels in a field approximately 40 feet below the highway. The right rear tire was cut up and flat but the other tires had air in them. He talked to the plaintiff approximately a week later, but plaintiff did not tell him what caused the accident.

When plaintiff was discharged from the hospital after a stay of ten days, defendant and his wife drove plaintiff, who was accompanied by his mother, to his home. Plaintiff testified that on the trip home, defendant told him the tires on the automobile "won't much good, and he was sorry the accident happened." Plaintiff's mother testified that defendant said at that time "it was all his fault and he knew his

tires was bad; he was going to get some new ones, but he hadn't done it."

These statements attributed to defendant were denied by him and his wife at the trial. Defendant testified that he put two new tires on the front wheels "the first of 1963"; that he had the two rear tires recapped on February 18, 1963; that he put one of the recaps on the right rear wheel and used the other for a spare.

Defendant also testified that he talked with the plaintiff in the hospital the day after the accident and accepted plaintiff's word that the accident was caused by a blowout.

None of the tires on the wrecked car was exhibited to the jury.

The reasons given by the trial judge for setting aside the jury's verdict and entering judgment for the defendant were stated by him in a letter opinion. There it was said that "there was no evidence that the owner of the car had any knowledge that he had bad tires, as the record is not contradicted in that it discloses that the tires were fairly new, having been purchased sometime after the first of the year, just before the accident occurred in May. At that time the owner put on two new front tires and two new recap tires, so that the story told by plaintiff and his mother is contrary to all the facts and is not credible evidence in my opinion. * * *"

[1] The statutory power conferred on the trial court by Code § 8-352 to set aside a jury verdict and enter final judgment can only be exercised when the verdict is plainly wrong or not supported by credible evidence. If there are conflicts in the testimony on material points, or if reasonable men may differ in their conclusions of fact, the trial judge cannot substitute his judgment for that of the jury. The weight of a jury's verdict, when there is credible evidence to support it, is not overborne by the trial judge's disapproval. *Commonwealth* v. *McNeely*, 204 Va. 218, 222, 129 S. E. 2d 687, 689, 690 (1963); *Comess* v. *Norfolk General Hospital*, 189 Va. 229, 233, 52 S. E. 2d 125, 128 (1949).

[2] The test for determining the credibility of witnesses and the weight of their testimony was clearly and succinctly stated in *Burke* v. *Scott*, 192 Va. 16, 23, 63 S. E. 2d 740, 744 (1951), where we said:

"* * * To be incredible, evidence must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ."

See also, *Thompson* v. *Letourneau*, 199 Va. 560, 566, 101 S. E. 2d 1, 5, 6 (1957); *Daniels* v. *Transfer Co.*, 196 Va. 537, 544, 84 S. E. 2d 528, 532 (1954).

We do not agree with the trial court that plaintiff's testimony and that of his mother relative to the statements made by defendant as to the condition of the tires on the automobile was so manifestly false that reasonable men ought not to believe it. Defendant said that on the day after the accident he took plaintiff at his word that the accident resulted from the blowout. Thus the jury could conclude that the cause of the accident was discussed when defendant drove plaintiff and his mother home from the hospital and that defendant did make the admissions concerning the condition of the tires. Moreover, after being put on notice that plaintiff believed the accident was caused by the blowout, defendant did not introduce in evidence for the jury's inspection any of the tires that were on his automobile at the time of the accident.

Defendant says there are additional reasons for affirming the trial court's action in setting aside the jury's verdict.

He argues that the alleged oral statements attributed to him, "being the only evidence of negligence in the case and being contrary to or unsupported by all the other evidence," are not sufficient as a matter of law to support the jury's verdict. We do not agree with this argument.

[3] Declarations relative to a question of fact made by a party to an action are admissible in evidence against him. *Gammon* v. *Hyde*, 199 Va. 918, 925, 103 S. E. 2d 221, 226 (1958); *Southern Passenger Motor Lines* v. *Burks*, 187 Va. 53, 61, 46 S. E. 2d 26, 31 (1948); *Watson* v. *Coles*, 170 Va. 141, 150, 195 S. E. 506, 508 (1938); *Reall* v. *Deiriggi*, 127 W. Va. 662, 667-668, 34 S. E. 2d 253, 256 (1945); 29 Am. Jur. 2d, Evidence, § 600, pp. 655-656; 7 Mich. Jur., Evidence, § 245, pp. 620, 621-622.

An admission deliberately made, precisely identified and clearly proved affords evidence of a most satisfactory nature and may furnish the strongest and most convincing evidence of truth. *Dooley* v. *Baynes*, 86 Va. 644, 649, 10 S. E. 974, 976 (1890); *Snodgrass* v. *Commonwealth*, 89 Va. 679, 686, 17 S. E. 238, 240 (1893); 2 Jones on Evidence, Admissions and Confessions, § 396, pp. 737, 738. The weight to be attached to such an admission is within the province of the jury. *Powell* v. *Tarry's Adm'r*, 77 Va. 250, 261 (1883); *Watson* v. *Coles, supra*, 170 Va. at 148, 195 S. E. at 508; 7 Mich. Jur., Evidence,

§ 258, p. 642; The Law of Evidence, Virginia and West Virginia, Admissions, § 160, pp. 288-291.

The cases of *Horner* v. *Speed*, 2 Pat. & H. 616 (1857), and *Metropolitan Life Insurance Co.* v. *O'Grady*, 115 Va. 830, 80 S. E. 743 (1914), relied on by defendant, do not sustain his position. They are clearly distinguishable on their facts from the present case.

[4] Defendant argues that the doctrine of *Massie* v. *Firmstone*, 134 Va. 450, 114 S. E. 652 (1922), that a plaintiff cannot make out a better case against a defendant than shown by his own testimony, is applicable to the present case, and plaintiff cannot rely on his mother's testimony to make out his case.

The doctrine of *Massie* v. *Firmstone* has no application under the facts of this case. Plaintiff's case was not dependent upon the testimony of his mother alone. He testified that defendant told him that the tires "won't much good." Defendant's acceptance of plaintiff's statement of the cause of the accident, coupled with his admission to plaintiff as to the condition of the tires, was ample evidence from which the jury could conclude that the defendant knew his car was equipped with defective tires when he turned it over to the plaintiff.

[5] Lastly, defendant says the plaintiff was guilty of contributory negligence as a matter of law because he was traveling at a speed of 30 to 35 miles an hour, while the posted maximum safe speed at the point of the accident was 25 miles an hour.

Negligence, contributory negligence, and proximate cause are ordinarily questions of fact for the jury. They become questions of law to be decided by the court only when reasonable men could not differ as to the inferences and the proper conclusions to be drawn from the evidence. *Spiegelman* v. *Birch, Adm'r*, 204 Va. 96, 99, 129 S. E. 2d 119, 121 (1963); *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853 (1951); *Conrad* v. *Thompson*, 195 Va. 714, 717, 80 S. E. 2d 561, 564 (1954).

Plaintiff's right to recover was not barred by the speed he was traveling at the time the tire blew out unless such speed proximately contributed to the cause of the accident. The issue of whether the excessive speed of the plaintiff was a proximate cause of the accident presented a question for the jury and not the court, because reasonable men could differ as to the inferences and proper conclusions to be drawn from the evidence.

For the reasons stated, the judgment of the court below is set aside, the jury's verdict is reinstated, and judgment is here entered thereon.

*Reversed and final judgment.*