## Richmond

### DAVID LEE PRINCE, JR.

### V.

### COMMONWEALTH OF VIRGINIA

Record No. 831699.

January 18, 1985.

Present: All the Justices.

*Glenn H. Goodpasture; V. James Ventura (Ackerman and Ventura,* on brief), for appellant.

*Robert B. Condon, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

On the evening of January 11, 1983, Ernest Gibson, Jr., was killed and Lillian Gibson, his wife, was wounded by shotgun blasts fired into their home. The defendant, David Lee Prince, Jr., was arrested and charged with murdering Mr. Gibson, maiming Mrs. Gibson, shooting into the Gibson dwelling, and using a firearm in the commission of the murder and maiming offenses.

A jury convicted the defendant of all the offenses. After receipt of a probation report, the trial court sentenced the defendant in accordance with the jury's verdicts to imprisonment for life plus thirty-two years.

In the trial below, the Commonwealth presented evidence showing that the pellets which killed Mr. Gibson and wounded Mrs. Gibson were fired from a 12-gauge shotgun. The Commonwealth then sought to show that the defendant owned or possessed such a weapon prior to the time of the fatal shooting. For this purpose, the Commonwealth proffered a document purportedly evidencing the defendant's purchase of a 12-gauge shotgun from a Woolco store on September 4, 1982, some four months before the shooting.

The document was found in the defendant's wallet during a warrant-authorized jailhouse search of an envelope in which the defendant's personal property had been placed at the time of his incarceration. The document was on a form imprinted with the name "Woolco," and it indicated that a clerk at store No. 6487 had sold the defendant a 12-gauge shotgun and three boxes of

shells on the specified date. In a box marked "Registered At," there appeared a set of initials and a registry number. A signature, purportedly that of the defendant, appeared in a box at the bottom of the form marked "Customer's Signature."

The Woolco clerk who handled the sale was not called as a witness to identify the document. Instead, the document was proffered during the testimony of the detective who found it in the defendant's wallet.

When the Commonwealth proffered the document, the defendant objected on the ground that it constituted inadmissible hearsay evidence. The trial court overruled the objection and admitted the document as an exhibit.

On appeal, the defendant contends that the trial court erred in overruling his hearsay objection to the document in question.[1] The defendant cites *McCormick on Evidence* § 246, at 584 (2d ed. 1972), which states that "[h]earsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."[2] The defendant then argues that the document in question represents the unsupported statement of an out-of-court asserter whose reliability has not been tested. Hence, the defendant concludes, the document constitutes hearsay and is not admissible under any of the exceptions to the hearsay rule.

We disagree with the defendant. He would have us view the document solely from the standpoint of the Woolco clerk and, as a result, characterize the document as nothing more than an extra-judicial statement by an absent witness that he or she sold the defendant a 12-gauge shotgun. Such a view, however, would disregard the important facts that the defendant had signed the document and retained it in his possession.[3] Viewed from the proper perspective, the document represents an admission by the defendant, a party to the proceeding below, that he purchased a

---

[1] The defendant also contends on appeal that his purported signature on the document was not properly authenticated at trial, but this objection was not raised at the time the document was proffered and, in any event, is without merit.

[2] We quoted this definition of hearsay in *Stevenson v. Commonwealth*, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977), and *Donahue v. Commonwealth*, 225 Va. 145, 151-52, 300 S.E.2d 768, 771 (1983).

[3] We do not decide in this case whether, as the Attorney General maintains, the document would have been admissible, even without the defendant's signature, merely because it was found in his possession.

12-gauge shotgun on the date specified therein; hence, the document was admissible under a well-recognized exception to the hearsay rule.

Extra-judicial admissions made by a party to a civil action are admissible in evidence against him. *Tyree* v. *Lariew,* 208 Va. 382, 385, 158 S.E.2d 140, 143 (1967); *see also Radford* v. *Community Mtg. Corp.,* 226 Va. 596, 602, 312 S.E.2d 282, 285 (1984). "An admission deliberately made, precisely identified and clearly proved affords evidence of a most satisfactory nature and may furnish the strongest and most convincing evidence of truth." *Tyree,* 208 Va. at 385, 158 S.E.2d at 143.

The same exception applies to out-of-court admissions, not amounting to confessions, made by accused persons in criminal cases. In *Land* v. *Commonwealth,* 211 Va. 223, 176 S.E.2d 586 (1970), we said that "[s]tatements made freely by [the accused] which tended to show guilt, when considered with other evidence, were admissible against him. . . . Such statements come within the admissions exception to the hearsay rule." *Id.* at 229, 176 S.E.2d at 590-91 (citations omitted).

The defendant argues, however, that our recent decision in *Donahue* v. *Commonwealth,* 225 Va. 145, 300 S.E.2d 768 (1983), requires reversal of the trial court's ruling here. In *Donahue,* police found a handwritten note on a bed the accused admitted she shared with one David Halverson, her roommate for eight years. The note, addressed to the accused, tended to implicate her in an illegal drug transaction. We held that the note was inadmissible because it constituted hearsay evidence. Unlike the situation here, however, the *Donahue* document was not signed by the accused but was entirely in the handwriting of someone else. Hence, *Donahue* is inapposite.

We hold that the trial court did not err in admitting into evidence the document signed by the defendant. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*