# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

v.

Steven Patrick Pendergrass

June 24, 2016

Case No. (Criminal) CR14-2497

BY JUDGE JOHN W. BROWN

This matter is before the Court on the defendant's motion in limine to preclude the presentation of evidence from Probation Officer Brian DeRosa, Officer Brendan Gillman, and Deputy James Cello regarding the defendant's prior statements of gang affiliation and his classification as a gang member in the Chesapeake City Jail. Although counsel for the defendant have "deferred" their objection to the testimony of Deputy Cello until further information is received regarding the nature of his testimony, the Court will proceed to rule on the remaining two scheduled Commonwealth's witnesses. For the reasons that follow, the Court denies the defendant's motion.

The defendant maintains that the testimony of DeRosa and Officer Gillman pertains to events in 2010, and is therefore irrelevant, as the alleged offenses occurred four years later. He further argues that the testimony is inadmissible as evidence of prior bad acts. In argument, counsel maintained that there would be testimony or evidence presented regarding the defendant's admissions that he was a gang member during the years 2009, 2010, 2011, 2012, and 2013.

The Court begins with the proposition that the defendant's statements, the subject of the testimony, constitute party admissions, either express or implied. *See* Charles E. Friend & Kent Sinclair, *The Law of Evidence in Virginia*, § 15-35[g] (7th ed. 2012). Such party admissions are not conclusive or binding; the defendant is free to deny and/or explain his prior statements, leaving their weight as a matter for the finder of fact. *See, e.g.,*

*Tyree v. Lariew*, 208 Va. 382, 384 (1967); *Bardach Iron & Steel Co. v. Tenenbaum*, 136 Va. 163, 174 (1923).

> Although gang membership alone is not evidence of a defendant's prior bad conduct, a juror might associate a defendant with such an affiliation as a person of bad character or someone prone to aggressive or violent behavior. Therefore, we analyze the admissibility of such evidence under the prior bad act standard. Evidence of prior bad conduct is not admissible to prove that the defendant is a person of bad character and more likely to commit the offense charged; however, it is admissible in certain situations. As with all evidence deemed relevant, before it can be admitted, the trial judge must balance its relevance against the resultant prejudice.

*Utz v. Commonwealth*, 28 Va. App. 411, 420 (1998).

However, this cannot end the Court's analysis where the ultimate issue for the trier of fact is the defendant's alleged gang activities under Va. Code §§ 18.2-46.1 *et seq.* The question for the Court thus becomes whether the evidence is relevant to the defendant's alleged current gang activities, and if so, whether its probative value outweighs its possible prejudicial effect on the finder of fact. *See, e.g., Boone v. Commonwealth*, 285 Va. 597, 602 (2013). "[E]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant." *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 260 (1999); *see, e.g., Utz*, 28 Va. App. at 418.

The Court finds that the defendant's prior statements of gang affiliation, to different persons over consecutive years up to two years before the alleged offenses, are indeed relevant to his alleged gang activities at issue in this case, and that any prejudicial effect of these statements may be mitigated by the defendant's cross-examination of the witnesses and his case-in-chief. Indeed, the Commonwealth, through the indictments charged, must show, *inter alia*, that the defendant is a member of a criminal street gang, as defined in Va. Code § 18.2-46.1. Furthermore, with respect to prejudicial value, the defendant conceded at oral argument that there is no criminal offense for merely being a member of a gang. *See* Va. Code §§ 18.2-46.1 *et seq.*