COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Malveaux and Fulton


KEVIN BARTLEY KERNS

                                         MEMORANDUM OPINION[*]

v.      Record No. 1453-22-4                     PER CURIAM
                                           SEPTEMBER 26, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
William W. Eldridge, IV, Judge

(Jason E. Ransom; Ransom/Silvester, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.


A jury convicted Kevin Bartley Kerns ("appellant") of possessing cocaine.[1] On appeal,

appellant contends that the evidence was insufficient to prove that he possessed the cocaine found in

his vehicle. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial court's judgment.

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Following his guilty pleas, the trial court convicted appellant of two counts of driving
on a suspended operator's license, third offense within ten years, and felony failure to appear.
Appellant did not appeal those convictions.

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In the afternoon on October 3, 2019, Frederick County Sheriff's Deputy Eric White conducted a traffic stop on a pickup truck. After obtaining consent to search, Deputy White removed appellant—the truck's owner, driver, and sole occupant—from the truck and searched him, but did not find any contraband. Appellant also consented to a search of his truck. The truck was "messy" and contained tools and other property in the passenger area behind the driver's seat.

Deputy White found a "socket" and a "push rod" "on top of the stuff that was behind" the driver's seat. At trial, he opined that the socket and push rod had been fashioned into a "smoking device" resembling those commonly used to consume "crack cocaine." Underneath the driver's seat was a spoon that contained "white residue" and had "burn marks," which Deputy White opined indicated "[p]ossible drug use." Subsequent forensic testing established that the residue on the spoon found under the driver's seat contained cocaine, a Schedule II controlled substance.

When Deputy White asked whether appellant "forg[o]t" to remove the spoon and smoking device from his vehicle, appellant said that he had been released from prison in August and "[i]t's been in there" since "before [he] got locked up." He then signed a document admitting that he had used crack cocaine "within" seven days before the traffic stop. Appellant said that he had been traveling to "pick up a friend" before going "to a job site."

At the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that he did not possess the cocaine residue on the spoon found in his vehicle. He contended that his statements to Deputy White were ambiguous and the other evidence established only his

proximity to the contraband, which is insufficient to prove possession. The trial court denied the motion.

Alice Whirley, appellant's friend, testified that appellant owned a "concrete" business and had several employees who used appellant's truck regularly to travel to work sites, including at least one time a few months before the traffic stop. Darren Stotler, appellant's business associate, testified that around 7:30 a.m. on October 3, 2019, he saw appellant drive his truck to a work site, drop off two employees, and drive away.

At the conclusion of the evidence, appellant renewed his motion to strike on the same grounds. Additionally, he argued that the evidence failed to exclude his reasonable hypothesis of innocence that his employees had left the spoon in his truck without his knowledge. The trial court denied the motion. The jury then convicted him of possessing cocaine. Appellant appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by

the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant contends that the evidence was insufficient to prove that he knowingly and intentionally possessed the cocaine residue on the spoon found in his vehicle. He argues that the evidence established only his "occupancy of his truck" and "proximity to the spoon," which is insufficient to prove possession. Additionally, he asserts that the evidence was "unclear" whether he was referring to the spoon when he told Deputy White that he knew that "it" had been in his truck since his last arrest. We disagree.

"A conviction for the unlawful possession of [contraband] can be supported exclusively by evidence of constructive possession," whether sole or joint. *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). Constructive possession may be established by "evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the [contraband] and that the [contraband] was subject to his dominion and control." *Id.* (quoting *Bolden*, 275 Va. at 148). "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Id.* at 512-13 (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Consistent with those principles, we have recognized that "[a] person's ownership or occupancy of premises on which" contraband is found and "proximity to the item," while insufficient alone to prove possession, are "probative factors to be considered in determining

- 4 -

whether the totality of the circumstances supports a finding of possession." *Watts v. Commonwealth*, 57 Va. App. 217, 233 (2010). Moreover, a fact finder may infer a defendant's knowledge of the nature and character of a controlled substance from his confessed prior use of that drug. *Brown v. Commonwealth*, 5 Va. App. 489, 492 (1988). Similarly, the presence of a "smoking device" or other paraphernalia "commonly used" to consume a specific controlled substance may be probative of that drug's possession. *Wymer v. Commonwealth*, 12 Va. App. 294, 300-01 (1991).

The record supports the trial court's finding that appellant knowingly and intentionally possessed the cocaine residue on the spoon found inside his truck. To begin, appellant owned the truck, was the driver and sole occupant, and sat near the spoon containing the contraband and the "smoking device" behind his seat. *See Watts*, 57 Va. App. at 233. The spoon had "burn marks," which Deputy White opined were consistent with "[p]ossible drug use," and the smoking device resembled those typically used to consume crack cocaine. *See Wymer*, 12 Va. App. at 301 (holding evidence proved defendant knew of the "presence of cocaine" where police found a "smoking device" and other paraphernalia typically used to consume that drug). Indeed, when Deputy White confronted him with the spoon and smoking device, appellant admitted that he knew "[i]t's been in there" for at least a month and that he had recently consumed crack cocaine. *See Prince v. Commonwealth*, 228 Va. 610, 613 (1985) ("An admission deliberately made, precisely identified and clearly proved affords evidence of a most satisfactory nature and may furnish the strongest and most convincing evidence of truth." (quoting *Tyree v. Lariew*, 208 Va. 382, 385 (1967)).

Although appellant did not specify whether he was referring to the spoon when he admitted that he knew "it" was in his truck, this Court must presume that the fact finder "resolved all factual ambiguities or inconsistencies in the evidence in favor of the prevailing

party and gave that party the benefit of all reasonably debatable inferences from the evidence." *Hill v. Commonwealth*, 297 Va. 804, 808 (2019). Accordingly, any ambiguity in appellant's statement was properly submitted to the jury, which reasonably could have determined that appellant admitted to knowing that the spoon containing the contraband was in his truck.

Appellant further contends that the evidence failed to exclude his reasonable hypothesis of innocence that his employees left the spoon in his truck without his knowledge. Citing Whirley and Stotler's testimony establishing that appellant's employees sometimes borrowed his truck and that appellant dropped off two employees the morning before the traffic stop, appellant asserts that "the jury could not have reasonably excluded [his] theory . . . that others had access to his truck and could have left the spoon behind."

"Whether an alternate hypothesis of innocence is reasonable is a question of fact." *Wood v. Commonwealth*, 57 Va. App. 286, 306 (2010) (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)). Accordingly, a fact finder's rejection of a hypothesis of innocence "is binding on appeal unless plainly wrong," *Archer v. Commonwealth*, 26 Va. App. 1, 13 (1997), even if there is "some evidence to support" the hypothesis of innocence, *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003). On appeal, the issue is whether a reasonable fact finder could have rejected appellant's hypothesis and found him guilty beyond a reasonable doubt. *Id.*

As previously explained, the evidence established that appellant admitted that he knew that the spoon containing the cocaine had been underneath the driver's seat of his truck for at least a month. That admission undermines his alternative theory that an employee recently placed the spoon in his truck without his knowledge. Accordingly, the jury reasonably rejected that hypothesis, and we will not disturb its verdict.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed.*