UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Raphael and White
Argued at Richmond, Virginia

PATRICK JAMES LEWIS

                                          MEMORANDUM OPINION* BY
v.        Record No. 1337-23-2        CHIEF JUDGE MARLA GRAFF DECKER
                                              OCTOBER 15, 2024
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Edward A. Robbins, Jr., Judge

           Elena Kagan, Assistant Public Defender (Catherine French
           Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
           Commission, on briefs), for appellant.

           Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
           Attorney General, on brief), for appellee.


        Patrick James Lewis appeals his convictions for possession of a controlled substance and

for contempt by failure to appear in court as ordered in violation of Code §§ 18.2-250

and -456(A)(6).  He argues that the trial court erred in admitting statements he made to the police

about his drug use.  Lewis also challenges the sufficiency of the evidence to support his

convictions.  For the reasons that follow, we affirm.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In April 2022, Officer Creighton Byron of the Chesterfield County Police Department stopped a vehicle for speeding. The driver, Joseph Labons, initially tried to flee but ultimately crashed the car. Lewis was in the front passenger seat. The police detained both men.

Officer Byron found a hypodermic needle on the front passenger-side floorboard with brown liquid inside that he believed to be methamphetamine. On the driver's side, Byron discovered a folded dollar bill covered in a white powdery substance. Labons admitted the powdery substance was methamphetamine and said it belonged to him.

Lewis told Officer Byron he had a bookbag in the rear passenger seat containing a large amount of money that he had received from a settlement and wanted to retrieve it. Inside the bag were "settlement documents" bearing Lewis's name, and Lewis admitted that everything in the bag belonged to him. Byron searched the bag and pulled out a syringe where Lewis could see it. Byron noticed that the syringe had been recently used because there was blood on the needle and some residue inside. Byron asked Lewis "how long [he'd] been using for," to which Lewis responded, "about a month." The Department of Forensic Science analyzed both the syringe from the floorboard and the one from the bookbag and determined that they contained methamphetamine.

Officer Byron and Lewis later again discussed Lewis's drug use. Lewis "was looking at" the injection marks in his right arm, and Byron remarked on Lewis's dilated pupils. Byron then asked Lewis when he last "used," and Lewis responded that he had used "about two hours" before Byron stopped the vehicle.

---

[1] We view the evidence in the light most favorable to the Commonwealth. *See Commonwealth v. Garrick*, 303 Va. 176, 182 (2024) (reviewing the sufficiency of the evidence); *Hicks v. Commonwealth*, 71 Va. App. 255, 261 n.2 (2019) (reviewing the admissibility of evidence).

Byron served Lewis with an arrest warrant which provided that Lewis was required to appear in court on June 1, 2022, at 8:30 a.m.  The officer also verbally informed Lewis of that date.  Lewis signed a recognizance form indicating that he would appear in court at that time.  Ultimately, however, Lewis did not appear as directed.

Lewis was tried by a jury for possession of a controlled substance and contempt by failure to appear.  Prior to trial, he made a motion to exclude his statements to Byron about his prior drug use, arguing that they constituted inadmissible evidence of prior bad acts or crimes.[2]  The trial court denied the motion, holding that the probative value outweighed any prejudice because the evidence showed Lewis had both "knowledge of the contraband[] nature of the substance" and dominion and control of it.

After the presentation of the evidence, Lewis made a motion to strike.  He argued that the Commonwealth presented insufficient evidence to establish his possession of a controlled substance.  In addition, he contended that although the Commonwealth established that he received notice of the court date and failed to appear, it did not present any direct evidence of willfulness.  The court responded that a jury may infer willfulness from the defendant's notice and failure to appear and asked whether "that resolve[d] the issue."  Defense counsel said, "Yes, Your Honor," and moved on to discuss the drug offense.  The court later instructed the jury that "[i]f the Commonwealth proves that the defendant received timely notice of when and where to appear for trial, and thereafter the defendant does not appear on the date or place specified, you may infer that the failure to appear was willful."

---

[2] Recordings of the conversations were played at trial and admitted into evidence. During those conversations, Byron and Lewis did not expressly reference methamphetamine.

Lewis was convicted of possession of a controlled substance and contempt by failure to appear.[3] *See* Code §§ 18.2-250, -456(A)(6). The trial court sentenced Lewis to six months in jail with no time suspended and imposed a fine.

ANALYSIS

I. Admissibility of Lewis's Statements

Lewis contends the trial court erred by admitting the statements he made about his prior drug use to Officer Byron. That evidence was admitted in the form of testimony from Byron as well as recordings of the conversations.

"It is well-settled that '[d]ecisions regarding the admissibility of evidence "lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."'" *Nottingham v. Commonwealth*, 73 Va. App. 221, 231 (2021) (alteration in original) (quoting *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019)). The "bell-shaped curve of reasonability" underpinning appellate review for an abuse of discretion "rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Commonwealth v. Barney*, 302 Va. 84, 94 (2023) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [appellate] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (first alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "A reviewing court can conclude that an abuse of discretion occurred only when reasonable jurists could not differ about the correct result," which differs from the trial court's ruling. *Howard v. Commonwealth*, 74 Va. App. 739, 753 (2022).

---

[3] Although the record consistently refers to the offense as "failure to appear," Lewis was charged and convicted for his failure to appear under the summary contempt statute, Code § 18.2-456(A)(6).

"[E]vidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person . . . to show that the person acted in conformity" with that trait, but this category of evidence may be admissible for other purposes, such as to establish knowledge. Va. R. Evid. 2:404(b). "Virginia . . . 'follows an "inclusionary approach" to the uncharged misconduct doctrine by admitting such evidence "if relevant[] for any purpose *other than* to show a mere propensity . . . .""" *Castillo v. Commonwealth*, 70 Va. App. 394, 415 (2019) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 757 n.8, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)); *see Guill v. Commonwealth*, 255 Va. 134, 139 (1998). But if the prosecution seeks to introduce evidence of a prior bad act for a permissible purpose, for that evidence to be admissible, "its legitimate probative value must exceed its incidental prejudice to the defendant." *Kenner v. Commonwealth*, 299 Va. 414, 424 (2021) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 715 (2008)) (considering the admissibility of evidence of prior crimes); *see* Va. R. Evid. 2:404(b).

Lewis sought to exclude evidence of the conversation in which he told Officer Byron that he had used drugs shortly before the traffic stop. That conversation, of course, must be viewed in context. The jury could reasonably infer that Lewis meant that he had used the needle in his bookbag, containing the very drug residue he was charged with possessing. After all, the evidence showed that the needle had been recently used. In addition, Lewis made the statement while looking at needle injection sites in his right arm and after Byron commented on his dilated pupils. Therefore, that statement was not "evidence of *other* crimes, wrongs, or acts" subject to exclusion under Virginia Rule of Evidence 2:404(b).[4] (Emphasis added). It was, instead, evidence of the very crime for which he was on trial.

---

[4] This evidence was not evidence of other crimes, wrongs, or acts falling within the purview of Rule 2:404(b). Accordingly, we do not consider the rule's requirement that to be admissible, "the legitimate probative value" of such evidence must "outweigh[] its incidental prejudice." Va. R. Evid. 2:404(b).

The plausible connection between the evidence of this conversation and the charged offense distinguishes this case from *Wilson v. Commonwealth*, 16 Va. App. 213, *adopted upon reh'g en banc*, 17 Va. App. 248 (1993), on which Lewis relies. In *Wilson*, the Court held that the trial court erred in allowing the Commonwealth to present evidence that the defendant had sold cocaine in the past to prove that he intended to distribute other cocaine later found at his home. *Id.* at 215, 221-23. The Court explained that evidence of prior drug offenses is inadmissible "where there has been no showing of an intimate relation or connection between the prior conduct and an element of the crime charged." *Id.* at 222. Unlike the challenged evidence in *Wilson*, the evidence that Lewis stated that he last used drugs about two hours before the stop related to the current drug possession offense, not other crimes, wrongs, or acts. He made the statement when he had dilated pupils and in the context of the officer finding a recently-used needle with methamphetamine residue in his bookbag, as well as one on the floor by his feet. For these reasons, the trial court acted within its discretion by admitting the evidence of this conversation.

Lewis also sought to exclude evidence of the conversation in which he told Byron that he had been using drugs for about a month. "[T]he doctrine of judicial restraint" requires that appellate courts "decide cases on 'the best and narrowest grounds.'" *See Watson-Scott v. Commonwealth*, 298 Va. 251, 258 n.2 (2019) (alteration in original) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). To resolve this issue on the best and narrowest ground, we assume without deciding that the trial court erred under Rule 2:404(b) by admitting evidence of his statement that he had used drugs for around one month. Nonetheless, we conclude that any error was harmless. *See White*, 293 Va. at 419.

"There are two distinct tests for determining harmless error. One applies when the claim involves constitutional error and the other when it involves non-constitutional error." *Castillo*, 70

- 6 -

Va. App. at 429-30 (quoting *Graves v. Commonwealth*, 65 Va. App. 702, 711 (2016)). In this case, the non-constitutional standard applies because the assignment of error challenges the admissibility of testimony based on the rule of evidence against admitting evidence of other crimes, wrongs, or acts. *See generally Jones v. Commonwealth*, 71 Va. App. 70, 91 (2019) (applying the non-constitutional test to evaluate the harmlessness of the improper rejection of evidence as hearsay).

Non-constitutional error is harmless if the Court determines that "there has been a fair trial on the merits and . . . substantial justice has been reached" because "the alleged error [did not] substantially influence[] the" fact finder. *Commonwealth v. Kilpatrick*, 301 Va. 214, 217 (2022) (quoting *Haas v. Commonwealth*, 299 Va. 465, 467 (2021)). One way an error may be harmless is "if other evidence of guilt is so 'overwhelming' and the error so insignificant by comparison." *Dalton v. Commonwealth*, 64 Va. App. 512, 520-21 (2015) (quoting *Schwartz v. Schwartz*, 46 Va. App. 145, 159 (2005)).

We conclude that here the alleged error could not have influenced the jury or substantially affected the verdict. Substantial justice was reached, and any error in the admission of this evidence was harmless. The police found a recently used needle containing methamphetamine residue in Lewis's bookbag that was with him in the car. Lewis admitted that everything in the bookbag was his. While looking at needle puncture marks in his arm, he also admitted using drugs shortly before being pulled over. This other evidence establishing Lewis's guilt was overwhelming, and his admission that he had used drugs in the past month was insignificant in the face of that as well as his admission that he had used drugs a few hours earlier that same day. Consequently, any error in admitting Lewis's statement that he had used drugs for about one month was harmless.

II. Sufficiency of the Evidence

Lewis challenges the sufficiency of the evidence supporting his convictions. He argues that the Commonwealth failed to prove his constructive possession of the methamphetamine. Regarding his contempt conviction, Lewis also contends that the Commonwealth failed to prove that his failure to appear was willful.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). Instead, "[t]he question on appeal[] is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ingram*, 74 Va. App. at 76 (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

In conducting this analysis, the appellate court views the evidence in the light most favorable to the Commonwealth. *See Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). Under this deferential standard, the reviewing court "accord[s] the Commonwealth the benefit of all reasonable inferences deducible from the evidence." *Id.* (quoting *Brown v. Commonwealth*, 278 Va. 523, 527 (2009)).

We consider the Lewis's arguments in the context of these guiding legal principles.

A. Drug Possession

"It is well-established that to obtain a conviction for such possessory offenses, the Commonwealth must produce evidence sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that the defendant intentionally and consciously possessed the contraband with knowledge of its nature and character." *Id.* at 183; *see also* Code § 18.2-250(A) (proscribing possession of a controlled substance). "Possession can be either actual or constructive." *Garrick*, 303 Va. at 183; *see Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). The Commonwealth may prove constructive possession through evidence that the accused "was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Yerling*, 71 Va. App. at 532 (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). "[O]wnership or occupancy of the [location] where the drug is found does not create a presumption of possession" but "may be considered in deciding whether an accused possessed the drug." *Id.* The Commonwealth was not required to prove that Lewis knew he possessed methamphetamine specifically, only that he knew he possessed a controlled substance. *See Camann v. Commonwealth*, 79 Va. App. 427, 437 (2024) (en banc).

Further, "[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that [it] is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "A conviction may rest on circumstantial evidence alone; in fact, 'in some cases circumstantial evidence may be the only type of evidence which can possibly be produced.'" *Garrick*, 303 Va. at 183-84 (quoting *Pijor*, 294 Va. at 512).

The record in this case contains sufficient evidence supporting the jury's conclusion that Lewis constructively possessed the methamphetamine found inside his bookbag.[5] The evidence established that the bookbag and its contents were subject to Lewis's dominion and control. The bag was behind the passenger seat where Lewis was sitting. Lewis specifically directed the officer to the bag, and documents inside the bag bore Lewis's name. Lewis admitted to Officer Byron that everything in the bag belonged to him. *See Prince v. Commonwealth*, 228 Va. 610, 613 (1985) ("An admission deliberately made, precisely identified[,] and clearly proved affords evidence of a most satisfactory nature and may furnish the strongest and most convincing evidence of truth." (quoting *Tyree v. Lariew*, 208 Va. 382, 385 (1967))). The evidence further proved that Lewis was aware of the presence and character of the methamphetamine. While looking at injection marks on his arm that reflected needle use, Lewis acknowledged that he had "used" shortly before Byron pulled them over. A jury could readily conclude from that evidence that Lewis knew that the needle in his bookbag contained a controlled substance and that he exercised dominion and control over it.[6]

---

[5] Appellate courts "decide cases on 'the best and narrowest grounds available.'" *See Watson-Scott*, 298 Va. at 258 n.2 (quoting *White*, 293 Va. at 419). Given the proof that Lewis possessed the drug residue on the needle inside his bookbag, we do not address whether the Commonwealth proved that he also possessed the needle found on the passenger floorboard by his feet.

[6] Lewis relies on *Wilkerson v. Commonwealth*, No. 1385-22-1 (Va. Ct. App. Oct. 17, 2023), *petition granted*, No. 230914 (Va. June 20, 2024). That case is now pending in our Supreme Court. In any event, we disagree that *Wilkerson* resembles this case. There, the Court held that the Commonwealth failed to prove that an inmate who had admitted ownership of a bag but denied knowing that there was cocaine inside it constructively possessed the cocaine, in part because there were "approximately 30 to 40 inmates" who could have accessed the bag and no evidence proved that the inmate defendant "was with [the] bag immediately preceding the" search. *Id.*, slip op. at 5-7. Here, by contrast, Lewis was near his bag in the car immediately before the search, he admitted that everything in the bag was his, and no evidence suggested that anyone else had access to the bag he described as his.

Lewis proposes as a hypothesis of innocence that he "was unaware of the presence of the needle[]" in his bookbag. "The reasonable-hypothesis [of innocence] principle 'merely echoes "the standard applicable to every criminal case."'" *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016)). "It is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Id.* (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). Whether an alternative hypothesis of innocence is reasonable is a factual question to be reversed on appeal only if plainly wrong. *Rams v. Commonwealth*, 70 Va. App. 12, 28 (2019).

In finding Lewis guilty, the jury credited the Commonwealth's evidence and rejected his claim that he did not know the needle was in his bookbag. "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." *Clark v. Commonwealth*, 78 Va. App. 726, 752 (2023) (alterations in original) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)).

The evidence before this Court supports the jury's conclusion that Lewis was "aware of both the presence and character of the controlled substance" in the needle in his bookbag and that it was "subject to his dominion and control." *See Garrick*, 303 Va. at 183. Therefore, the record sufficiently supports the finding that he constructively possessed the methamphetamine.

### B. Contempt by Failure to Appear

Consideration of Lewis's assignment of error challenging his conviction for contempt by failure to appear requires two steps. First, we look at his claim that a permissible inference to the willfulness element of his crime should not apply. Second, we analyze the sufficiency of the evidence to prove willfulness.

1. Permissible Inference

Several statutes permit punishing a defendant for failing to appear in court. Under Code § 19.2-128(B), for example, a defendant charged with a felony offense "who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." This Court has held in prosecutions under that statute that "[a]ny failure to appear after notice of the appearance date [is] prima facie evidence that such failure to appear [was] willful." *Williams v. Commonwealth*, 57 Va. App. 750, 763 (2011) (second and third alterations in original) (quoting *Hunter v. Commonwealth*, 15 Va. App. 717, 721 (1993) (en banc)).

Lewis was convicted under Code § 18.2-456(A)(6), which allows a court to summarily punish a defendant for *contempt* when the defendant who is charged with a felony offense willfully fails to appear in court.[7] Lewis argues on appeal that the principle of prima facie willfulness we have applied under Code § 19.2-128 does not apply to Code § 18.2-456(A)(6).

Before analyzing this claim on the merits, however, we must consider whether Lewis properly preserved it for appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." Rule 5A:18 (providing exceptions for "good cause shown" and "to enable this Court to attain the ends of justice"). An objection "must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Making one specific argument on an issue does not preserve a separate legal point on the same

---

[7] Ordinarily, a court may summarily punish a defendant only for certain categories of contempt. *See Scialdone v. Commonwealth*, 279 Va. 422, 442 (2010). Here, the trial court did not *summarily* punish Lewis but rather afforded him a jury trial with full due process protections. Lewis did not argue below and does not suggest on appeal that his conviction under Code § 18.2-456 was procedurally improper. *See Abdo v. Commonwealth*, 64 Va. App. 468, 475 n.3 (2015) (affirming the judgment despite finding the final order's citation to Code § 18.2-456 to be "[c]onfusing[]" because "the court did not hold appellant in summary contempt").

- 12 -

issue for review." *Hamilton v. Commonwealth*, 69 Va. App. 176, 189 (2018) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc), *aff'd by unpub'd order*, No. 040019 (Va. Oct. 15, 2004)).

In his motion to strike, Lewis argued that the Commonwealth relied solely on his notice of the court date and his failure to appear as proof of willfulness. When the trial court raised the permissible inference from *Williams*, Lewis moved on to discuss his drug conviction rather than argue that the inference did not apply. Although Lewis later objected to a jury instruction setting forth that inference, he did so solely on the grounds that it was not a model instruction and was unnecessary given the other instructions. He did not argue at any time in the circuit court, as he does on appeal, that the inference does not apply to failure to appear under Code § 18.2-456. As a result, Lewis has waived that argument.[8]

2. Evidence of Willfulness

As an initial matter, we recognize that despite contending that the permissible inference does not apply to Code § 18.2-456, Lewis does not challenge the jury instructions on appeal. Accordingly, we accept the instructions as the law of the case, and they are therefore binding on review. *See Smith*, 296 Va. at 461 (explaining that unobjected-to jury instructions become the law of the case); *Little v. Cooke*, 274 Va. 697, 722 (2007) (explaining that unappealed holdings become the law of the case). The court instructed the jury that "[i]f the Commonwealth proves that the defendant received timely notice of when and where to appear for trial, and thereafter the defendant does not appear on the date or place specified, you may infer that the failure to appear was willful."[9] For these reasons, in analyzing Lewis's challenge to the sufficiency of the

---

[8] He does not invoke any of the exceptions to Rule 5A:18, and we do not raise them sua sponte. *See Jones v. Commonwealth*, 71 Va. App. 597, 607 n.9 (2020).

[9] Lewis objected to this instruction only on the grounds that it was not a model jury instruction and that the other instructions were sufficient.

evidence to prove willfulness, we start with the foundational premise that proof that a defendant received notice and did not appear in court as directed supports the inference that the failure to appear was willful.

The Commonwealth proved that Lewis had notice of the court date and failed to appear on that date. That evidence supported a permissible inference that his failure to appear was willful, and Lewis presented no evidence rebutting that inference. *See Williams*, 57 Va. App. at 763. Therefore, in the context of this case, the evidence supported the jury's finding that Lewis's failure to appear was willful, and we affirm Lewis's contempt conviction.

CONCLUSION

We hold that the admission of the evidence of Lewis's statement that he had used drugs shortly before the stop was within the trial court's discretion. Further, the admission of evidence about his statement about his drug use generally, if error, was harmless as to the disposition below. Finally, the evidence was sufficient to support the convictions. Consequently, we affirm the trial court's judgment.

*Affirmed.*